IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

Teresa Felix,

      Plaintiff,

    v.                             Case No. 2:07-cv-971

Dow Chemical Co., et al.,

      Defendants.


OPINION AND ORDER

    This is an employment discrimination action brought by plaintiff Teresa Felix against her employers, the Dow Chemical Company and Dow Licking River Film Center.  On September 27, 2007, plaintiff filed a _pro se_ complaint asserting claims of discrimination and retaliation against the defendants.  On October 29, 2007, the defendants filed an answer to the complaint and asserted various defenses, including the defense that the plaintiff's claims are barred under the doctrine of judicial estoppel.  Answer, ¶ 16.  This matter is before the court on defendants' motion pursuant to Fed.R.Civ.P. 12(c) for judgment on the pleadings based on judicial estoppel.

I. Standards for Motion for Judgment on the Pleadings

    An estoppel defense can be pleaded affirmatively and determined on a pretrial motion for judgment on the pleadings.  _See_ _Blonder-Tongue Laboratories, Inc. v. University of Illinois Foundation_, 402 U.S. 313, 348 (1971).  Courts apply the same analysis to motions for judgment on the pleadings under Rule 12(c) as they apply to motions to dismiss under Fed.R.Civ.P. 12(b)(6).  _E.E.O.C. v. J.H. Routh Packing Co._, 246 F.3d 850, 851 (6th Cir. 2001).  Judgment may be granted under Rule 12(c) if the court

determines that the moving party is entitled to judgment as a matter of law. Astor v. International Bus. Machs. Corp., 7 F.3d 533, 538 (6th Cir. 1993). In reviewing the motion, this court must accept all of the complaint's factual allegations as true. Ziegler v. IBP Hog Market, Inc., 249 F.3d 509, 511-512 (6th Cir. 2001). However, the court "need not accept as true legal conclusions or unwarranted factual inferences." Mixon v. Ohio, 193 F.3d 389, 400 (6th Cir. 1999). A Rule 12(c) motion "is granted when no material issue of fact exists and the party making the motion is entitled to judgment as a matter of law." Paskvan v. City of Cleveland Civil Serv. Comm'n, 946 F.2d 1233, 1235 (6th Cir. 1991).

In considering a motion for judgment on the pleadings, the court considers the pleadings, which consist of the complaint, the answer, and any written instruments attached as exhibits. Fed.R.Civ.P. 12(c); Fed.R.Civ.P. 7(a) (defining "pleadings" to include both the complaint and the answer); Housing Authority Risk Retention Group, Inc. V. Chicago Housing Auth., 378 F.3d 596, 600 (7th Cir. 2004). The complaint is deemed to include any written instrument attached to it as an exhibit, see Fed.R.Civ.P. 10(c), materials incorporated in it by reference, and documents that, although not incorporated by reference, are integral to the complaint. Sira v. Morton, 380 F.3d 57, 67 (2d Cir. 2004). Documents attached to the answer may be considered if they are referred to in plaintiff's complaint and are central to plaintiff's claims. See Horsley v. Feldt, 304 F.3d 1125, 1133-1135 (11th Cir. 2002); Weiner v. Klais and Co., Inc., 108 F.3d 86, 88 (6th Cir. 1997)(applying rule to motion to dismiss under Fed.R.Civ.P. 12(b)(6)). The court may also consider materials in addition to

the pleadings without converting the motion to one for summary judgment if the materials are public records or are otherwise appropriate for the taking of judicial notice.  New England Health Care Employees Pension Fund v. Ernst & Young, LLP, 336 F.3d 495, 501 (6th Cir. 2003)(stating analogous rule applicable to Rule 12(b)(6) motions).

In this case, the record includes the complaint, with the right to sue letter which plaintiff received from the Equal Employment Opportunity Commission ("EEOC") as an attachment.  The record also contains the defendants' answer, including, as an exhibit, the charge of discrimination filed by plaintiff with the Ohio Civil Rights Commission ("OCRC").  These are public records integral to plaintiff's claims.  In connection with the motion for judgment on the pleadings, the parties have presented additional public records consisting of pleadings and orders filed with the United States Bankruptcy Court for the Southern District of Ohio.  These materials may be considered by the court without converting the motion to one for summary judgment.

II. History of the Case

The record reveals that plaintiff filed a charge against the Dow Chemical Company with the OCRC, for presentation to the EEOC, on April 21, 2006.  Answer, Ex. A.  In this charge, plaintiff alleged that she was denied training and overtime, that her pay was reduced, and that she was disciplined in retaliation for being a witness in an EEOC investigation against the company.  On June 20, 2007, the EEOC issued a right to sue letter.  Answer, Ex. C.  Plaintiff filed the instant discrimination action on September 27, 2007, asserting claims of gender, race and age discrimination and

3

retaliation.

On April 10, 2007, plaintiff filed a <u>pro</u> <u>se</u> Chapter 13 petition in the United States Bankruptcy Court for the Southern District of Ohio.  That case was dismissed on May 22, 2007.

On July 2, 2007, plaintiff, this time with the assistance of counsel, filed a second petition under Chapter 13.  Answer, Ex. B. This petition was a sworn petition, which she signed under penalty of perjury.  The Bankruptcy Code requires a debtor to file "a schedule of assets and liabilities ... and a statement of the debtor's financial affairs."  11 U.S.C. §521(1).  In her Chapter 13 petition, plaintiff was required to list any personal property on Schedule B.  Section 21 of that schedule required plaintiff to describe "[o]ther contingent and unliquidated claims of every nature" and to give the estimated value of each.  A cause of action is an asset that must be scheduled under §521(1).  <u>See</u> <u>Eubanks v.</u> <u>CBSK Financial Group, Inc.</u>, 385 F.3d 894, 897 (6th Cir. 2004). Plaintiff did not list her discrimination claims on this schedule.

In the "STATEMENT OF FINANCIAL AFFAIRS" form, at Section 4, plaintiff was required to "[l]ist all suits and administrative proceedings to which the debtor is or was a party within **one year** immediately preceding the filing of this bankruptcy case."  In this section, plaintiff described legal proceedings in which she had been involved, specifically, a collection action in the Municipal Court of Franklin County, Ohio, and a foreclosure action in the Common Pleas Court of Licking County, Ohio.  Despite the fact that plaintiff's discrimination charge was still pending before the EEOC during the one-year period prior to the filing of her bankruptcy petition, plaintiff did not disclose her EEOC administrative

4

proceeding in her bankruptcy filings.

On or about July 3, 2007, counsel filed a motion on plaintiff's behalf with the bankruptcy court pursuant to 11 U.S.C. §362(c)(3) seeking to extend the automatic stay precluding any action by creditors against the debtor as provided under 11 U.S.C. §362(a) throughout the pendency of the case. Defendants' Motion, Ex. 1. On July 20, 2007, the bankruptcy court granted the motion, ordering that the automatic stay provisions "shall continue, upon all creditors, throughout this case." Defendants' Motion, Ex. 2. The bankruptcy court subsequently dismissed plaintiff's Chapter 13 petition on October 17, 2007.

III. Judicial Estoppel

Defendants argue that plaintiff's claims are barred under the doctrine of judicial estoppel because plaintiff failed to list her discrimination claims against them as an asset when she filed her bankruptcy petition. The doctrine of judicial estoppel "generally prevents a party from prevailing in one phase of a case on an argument and then relying on a contradictory argument to prevail in another phase." New Hampshire v. Maine, 532 U.S. 742, 749 (2001). Judicial estoppel "preserve[s] the integrity of the courts by preventing a party from abusing the judicial process through cynical gamesmanship." Browning v. Levy, 283 F.3d 761, 776 (6th Cir. 2002). Judicial estoppel is "an equitable doctrine invoked by the court at its discretion." New Hampshire, 532 U.S. at 750.

The Supreme Court has identified three factors to be considered in determining whether judicial estoppel should apply: (1) the party's later position must be clearly inconsistent with the party's earlier position; (2) whether the party has succeeded

in persuading a court to accept that party's earlier position, so that judicial acceptance of an inconsistent position in a later proceeding would create the perception that either the first or the second court was misled; and (3) whether the party seeking to assert an inconsistent position would derive an unfair advantage or impose an unfair detriment on the opposing party if not estopped. New Hampshire, 532 U.S. at 750-751.  However, these factors are not "inflexible prerequisites or an exhaustive formula for determining the applicability of judicial estoppel."  Id. at 751.

The Sixth Circuit has noted that the first two factors for judicial estoppel identified in New Hampshire bar a party from "(1) asserting a position that is contrary to one that the party has asserted under oath in a prior proceeding, where (2) the prior court adopted the contrary position either as a preliminary matter or as part of a final disposition."  Browning, 283 F.3d at 775 (internal quotation omitted).  In regard to the "prior success" requirement, the party against whom the judicial estoppel doctrine is to be invoked need not have prevailed on the merits of the action; rather, it is sufficient if the first court has adopted the position urged by the party as a preliminary matter.  Reynolds v. Commissioner of Internal Revenue, 861 F.2d 469, 473 (6th Cir. 1988). "Because the doctrine is intended to protect the judicial system, rather than the litigants, detrimental reliance by the opponent of the party against whom the doctrine is applied is not necessary." In re Coastal Plains, Inc., 179 F.3d 197, 205 (5th Cir. 1999).

Statements or omissions by a debtor in a bankruptcy disclosure statement can support a finding of judicial estoppel.  See Reynolds, 861 F.2d at 474.  In particular, the Sixth Circuit has

6

upheld the application of judicial estoppel to bar discrimination claims which were not disclosed in bankruptcy proceedings. <u>See Lewis v. Weyerhaeuser Co.</u>, 141 Fed.App'x 420, 423-429 (6th Cir. July 6, 2005); <u>Tyler v. Federal Express Corp.</u>, 420 F.Supp.2d 849 (W.D.Tenn. 2005), aff'd 206 Fed.App'x 500 (6th Cir. Nov. 16, 2006). The Sixth Circuit has noted, "[T]he disclosure obligations of consumer debtors are at the very core of the bankruptcy process and meeting these obligations is part of the price debtors pay for receiving the bankruptcy discharge." <u>Lewis</u>, 141 Fed.App'x at 424 (quoting <u>In re Colvin</u>, 288 B.R. 477, 481 (Bankr. E.D.Mich. 2003)). <u>See also</u> <u>Burnes v. Pemco Aeroplex, Inc.</u>, 291 F.3d 1282, 1286 (11th Cir. 2002)(full and honest disclosure in a bankruptcy case is crucial to the effective functioning of the federal bankruptcy system); <u>In re Coastal Plains</u>, 179 F.3d at 208 ("Viewed against the backdrop of the bankruptcy system and the ends it seeks to achieve, the importance of this disclosure duty cannot be overemphasized.").

> The rationale for ... decisions [invoking judicial estoppel to prevent a party who failed to disclose a claim in bankruptcy proceedings from asserting that claim after emerging from bankruptcy] is that the integrity of the bankruptcy system depends on full and honest disclosure by debtors of all of their assets. The courts will not permit a debtor to obtain relief from the bankruptcy court by representing that no claims exist and then subsequently to assert those claims for his own benefit in a separate proceeding. The interests of both the creditors, who plan their actions in the bankruptcy proceeding on the basis of information supplied in the disclosure statements, and the bankruptcy court, which must decide whether to approve the plan of reorganization on the same basis, are impaired when the disclosure provided by the debtor is incomplete.

<u>Rosenshein v. Kleban</u>, 918 F.Supp. 98, 104 (S.D.N.Y. 1996).

"The duty of disclosure is a continuing one, and a debtor is

required to disclose all potential causes of action." In re Coastal Plains, 179 F.3d at 208. See also Burnes, 291 F.3d at 1286 (debtor must amend financial statements if circumstances change).

Applying the elements of judicial estoppel to the facts of this case, the court finds that plaintiff asserted a position in the bankruptcy court which was contrary to her position in this court. In the bankruptcy court, she filed a sworn petition indicating that she had no contingent and unliquidated claims, whereas in this court, plaintiff asserts that she has such claims. She also failed to disclose her participation in an administrative proceeding before the EEOC related to her discrimination claims. Pursuing a cause of action that was not disclosed as an asset in a previous bankruptcy filing creates an inconsistency sufficient to support judicial estoppel. See Eubanks, 385 F.3d at 898; Browning, 283 F.3d at 775; Lewis, 141 Fed.App'x at 425.

As to the second element, the record reveals that plaintiff filed a motion with the bankruptcy court to extend the automatic stay afforded a debtor under 11 U.S.C. §362(a). This provision authorizes the stay of any action by creditors against the debtor, including the commencement or continuation of any cause of action against the debtor for enforcement of a judgment, replevin, the creation or enforcement of a lien, or the collection, assessment or recovery of a debt. Since the stay constitutes a significant restraint on the rights of creditors, it is important for the bankruptcy court to be completely and accurately informed about the debtor's financial circumstances so that the appropriateness of the stay can be fairly determined. In issuing the stay order, the bankruptcy court relied on plaintiff's statements that she had no

contingent and unliquidated claims, and that she had been involved in no administrative or court proceedings other than the actions disclosed in her petition. It is not necessary for the bankruptcy court to have actually discharged plaintiff's debts before the judicial acceptance prong may be satisfied; rather the "bankruptcy court may 'accept' the debtor's assertions by relying on the debtor's nondisclosure of potential claims in many other ways." Hamilton v. State Farm Fire & Casualty Co., 270 F.3d 778 (9th Cir. 2001); Reynolds, 861 F.2d at 473 (it is sufficient if the first court has adopted the position urged by the party as a preliminary matter). The granting of the motion for an extension of the stay was sufficient to satisfy the requirement of judicial acceptance of plaintiff's position.

Judicial estoppel does not apply where the prior inconsistent position occurred because of "mistake or inadvertence." Browning, 283 F.3d at 776. The failure to disclose a cause of action in bankruptcy proceedings may be deemed inadvertent where: (1) the debtor lacks knowledge of the factual basis of the undisclosed claims; or (2) the debtor has no motive for concealment. Id. See also Eubanks, 385 F.3d at 895 (noting that the court "considers reasons of mistake and inadvertence, as well as an absence of bad faith, in determining judicial estoppel[.]").

In this case, plaintiff's failure to disclose her EEOC charge in her bankruptcy petition cannot be excused on the basis of lack of knowledge. Plaintiff filed her EEOC charge over a year prior to the filing of her second bankruptcy petition. She was obviously aware of the factual basis for her discrimination claims against the defendants at the time she filed her bankruptcy petition.

In determining whether the record indicates that plaintiff acted with the intent to conceal her discrimination claims, a review of other cases is instructive.  In Browning, the Sixth Circuit concluded that the corporate debtor had no motive to conceal the cause of action because, under the debtor's reorganization plan, the debtor was required to distribute any cash received to its creditors, and thus would have received no windfall as a result of its failure to disclose its claims.  Browning, 283 F.3d at 776.  In Eubanks, the Sixth Circuit concluded that the evidence was insufficient to indicate that the plaintiff had acted with a motive to conceal or in bad faith because, although plaintiff's civil claim was omitted from her bankruptcy schedule form, plaintiff later informed the bankruptcy trustee about her potential civil claim before the bankruptcy action closed and took other action to make sure that the trustee and the bankruptcy court were aware of her civil claim.  Eubanks, 385 F.3d at 898.

In contrast, the Sixth Circuit in Lewis upheld the district court's application of the judicial estoppel bar.  The court noted that, unlike the debtor in Eubanks, the plaintiff did not reveal her discrimination claim to the bankruptcy court or to the trustee before approval of the bankruptcy plan, and never sought to amend her bankruptcy schedules or otherwise to inform the bankruptcy court of her discrimination claim.  Lewis, 141 Fed.App'x at 427.

In Tyler, the plaintiff did not attempt to amend her bankruptcy schedules to include her claim against the defendant until three-and-a-half years after filing her civil action and bankruptcy petition, and she did so then only in response to an order issued in the civil action to show cause why the defendant's

motion for summary judgment on the ground of judicial estoppel should not be granted. _Tyler_, 420 F.Supp.2d at 858-59. After noting that plaintiff was aware of her multi-million dollar claim but failed to disclose it in her bankruptcy petition, the district court stated, "A motive to conceal can be inferred from this fact alone, as '[b]y omitting the claims, [she] could keep any proceeds for herself and not have them become part of the bankruptcy estate.'" _Id._ at 858 (quoting _Barger v. City of Cartersville, Ga._, 348 F.3d 1289, 1296 (11th Cir. 2003)). In finding that the bar of judicial estoppel was appropriate, the district court in _Tyler_ stated, "[B]ecause she failed to offer any evidence from which the Court could infer a lack of intent to conceal, the Court finds that the plaintiff's omission was intentional and not the result of inadvertence." _Id._ at 859. On _de novo_ review, the Sixth Circuit held that the district court correctly applied the law governing judicial estoppel. _Tyler v. Federal Express Corp._, No. 05-6826, 206 Fed.App'x 500, 501-502 (6th Cir. Nov. 16, 2006).

Unlike _Browning_, there was no plan in effect in this case which would have guaranteed that any monetary award plaintiff received from the defendants would be distributed to her creditors. In contrast to _Eubanks_, there is no evidence that plaintiff ever disclosed her discrimination claims to the bankruptcy court. Plaintiff did not include her discrimination claims as contingent and unliquidated claims in her bankruptcy schedule. She was aware of the obligation to disclose in her petition any administrative and judicial proceedings in which she was involved during the year preceding the filing of her bankruptcy petition, because other state court actions to which she was a party were included in her

filings.  However, she failed to disclose her EEOC charge in her bankruptcy filings.  In addition, the duty to disclose assets in a bankruptcy proceeding is a continuing one.  In re Coastal Plains, 179 F.3d at 208.  Plaintiff was aware of this requirement, because she filed a supplemental form with the bankruptcy court, see exhibit attached to plaintiff's memorandum contra defendants' motion for judgment on the pleadings, disclosing another foreclosure action in Licking County, Ohio, to which she was a party.  However, she did not amend her bankruptcy filings to reflect the fact that she filed the instant action on September 27, 2007.  These circumstances are sufficient to raise an inference that plaintiff acted with an intent to conceal her discrimination claims in order to keep the proceeds of any judgment she might obtain against defendants for herself.

Plaintiff has submitted no other evidence relevant to the motion to dismiss.  She simply makes the unsworn statement in her memorandum contra that she "did not view a complaint against the Defendant as an asset as there was no monetary value."  Plaintiff's Memorandum in Opposition, p. 2.  She further states, "The case was not heard by the court and therefore should not be considered as an asset anymore than a purchased lottery ticket, or an application for a grant could be considered as an asset before the fact.  Each would merely be speculation at best."  Id.

The bankruptcy schedules clearly required the disclosure of "contingent and unliquidated claims," not just judgments awarded in a court action.  Although plaintiff now attempts to diminish the importance of her EEOC charge by noting that it was filed with an administrative agency rather than a court, the very fact that

12

plaintiff filed the charge and attached her right to sue letter to her complaint indicates that she was aware that the administrative action is a prerequisite to filing a legal action in district court, not a meaningless proceeding.  Even after she filed the instant court action seeking monetary damages, she failed to notify the bankruptcy court of the filing of this action.

Plaintiff's contention that she did not consider her claims against the defendants as a monetary asset is also undermined by her statements in the EEOC charge and the complaint.  Plaintiff noted in her EEOC charge that she was "knocked down a pay position."  She alleged in her complaint in this case that her "overtime [was] taken away," and that she was "knocked down in pay position."  See Complaint, p. 5.  She also alleged that "my ongoing income, retirement and all annual bonuses have been reduced drastically.  Denial of the training has also impacted any future earnings as I am now 54 (55 on Oct. 15) and have lost years of possible promotions."  She concluded by stating, "I have had to file a Chapter 13.  As a result I am seeking punitive and compensatory restitution."  Complaint, p. 6.  These statements indicate that plaintiff intended from the beginning to seek monetary damages from the defendants and thought of her claims in monetary terms.

Plaintiff asserts that she did not think of her discrimination claims as an asset because her claims were like a lottery ticket, and that prevailing on those claims  "would merely be speculation at best."  However, plaintiff would not have filed her EEOC charge and the complaint in this case if she honestly believed that her discrimination claims have so little merit that odds against her

prevailing were comparable to the odds against having a winning lottery ticket.  The only reasonable inferences to be drawn from the circumstances is that plaintiff did not want to share any of her "winnings" in this action, however speculative, with her creditors, and that she acted with the intent to conceal her discrimination claims from her creditors and the bankruptcy court.

IV. Conclusion

      This court finds that the elements necessary to support the application of the doctrine of judicial estoppel have been established in this case, and that defendants are entitled to judgment as a matter of law.  The defendants' motion for judgment on the pleadings (Doc. No. 9) on the grounds of judicial estoppel is granted, and the clerk shall enter final judgment in favor of the defendants on plaintiffs' claims.


Date: January 23, 2008              s\James L. Graham        
                            James L. Graham
                            United States District Judge